No. 59,060

STATE OF KANSAS, *Appellee*, v. DONALD DILLON, *Appellant*.

(748 P.2d 856)

Opinion filed January 15, 1988.

*Jessica Kunen*, deputy appellate defender, argued the cause, and *Benjamin C. Wood*, chief appellate defender, was with her on the brief for appellant.

*Darrell E. Miller*, county attorney, argued the cause, and *Robert T. Stephan*, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

McFARLAND, J.: Donald A. Dillon appeals his jury trial convictions of burglary (K.S.A. 21-3715), felony theft (K.S.A. 1986 Supp. 21-3701), and transporting an open container (K.S.A. 41-804). The Court of Appeals, in an unpublished opinion filed July 9, 1987, reversed the open container conviction and affirmed the other two convictions. The matter is before us on defendant's petition for review.

The only issues before us relate to the propriety of the district court's setting aside, *sua sponte*, the defendant's plea of nolo contendere entered on the burglary charge and requiring defendant to go to jury trial on all three charges. The facts of the offenses are of no import to the narrow issues before us. It is sufficient to say the charges arise from the May 10, 1985, burglary of and theft from the Kenneth Winslow farm home in Jewell County. As the result of a plea bargain agreement, the defendant entered a plea of nolo contendere to the burglary charge on September 5, 1985. In fulfillment of the plea bargain the two remaining charges were dismissed on motion of the

State. Sentencing was set for October 7, 1985, and a presentence investigation report was ordered.

In the presentence investigation report, defendant's version of the offense was given as follows:

" 'The night I got arrested I was heading to Burr Oak, Kansas. I came upon the Winslow place and saw some people around that place. So I went on up and pulled into the pasture. That's where I made my mistake. I should of [sic] kept on going. While I was sitting there to see who would come out of the place, Windslows [sic] came up and stopped me and asked what I was doing. I said I was just cruising. They called the sheriff and the cops picked me up and the next thing I knew I was in jail. I never touched anything but they claim they saw me come out of their house. It's my fault. I'm not denying I should of [sic] been more aware of what was going on. I should of [sic] never even stopped. It would of [sic] cost me more money to fight it than it would to just take it (the charges).' "

When the case was called for sentencing, the following transpired:

"THE COURT: [Addressing the defendant.] You were before this court on September 5th, at which time you entered a plea of guilty to an information charging you with a burglary—

"MR. THULL: [Attorney for defendant.] (Interrupting) Your Honor, I believe it was a no contest plea, if I recall correctly, and he was found guilty on a no contest plea.

"THE COURT: Yes. I'm sorry. You entered a plea of no contest to the charge of burglary. I heard the statements of the State as to the evidence that would be brought against you. You did not contest that evidence. And I did then find that you were guilty. I ordered a presentence report which I have received. Have you seen a copy of it, Mr. Thull?

"MR. THULL: I have received a copy, Your Honor, and I have had a chance to review it with my client.

"THE COURT: And on the very first page of the report, Mr. Dillon, is your version of this offense. And what you're saying in this is that you did not do it. That it would cost me more money to fight it than to just take it. So you decided to take it. Mr. Dillon, I cannot accept that. And, therefore, I am setting aside your plea of guilty—or no contest, and I am setting this matter for trial, a trial by jury. I am not going to have you or any other defendant appearing before this court and telling me that you did something and then turning around and saying you did not do it. You either did it, or you didn't do it. And if you didn't do it, you should not say you did. And if you did do it, you should be punished. And, therefore—

"MR. THULL: (Interrupting) Your Honor, I beg the court's pardon, but we entered a plea of no contest—

"THE COURT: (Interrupting) I know what you did. And he is now saying that he did not do it. He also told me he did not contest the statements that the county attorney—

MR. THULL: (Interrupting) We don't contest the fact, Your Honor, that there was in fact a burglary and a theft at that residence. We don't contest that.

"THE COURT: There is more to the statements than that, Mr. Thull. Mr. Miller, how long would it take to try this matter?"

On the State's motion, the felony theft and open container counts were reinstated. In a jury trial, the defendant was convicted of all three counts.

The trial court sentenced defendant to a term of one to five years for burglary, one to five years for felony theft, and six months for transporting an open container. The sentences were ordered to run concurrently but, upon defendant's application, the court placed him on probation for a period of three years.

On appeal defendant challenges whether the court had authority to set aside *sua sponte* the nolo contendere plea and require him to go to jury trial on all three counts, said action being taken as a result solely of his denial of guilt to the probation officer preparing the presentence report. The open container conviction was reversed on other grounds by the Court of Appeals and the propriety of that action is not before us. Inasmuch as the sentences for the burglary and felony theft were for the same term and run concurrently, and defendant was immediately placed on three years' probation, it is unlikely that the felony theft conviction could result in additional time being served. Nevertheless, some prejudice could arise to the defendant from having two felony convictions if he properly should have only one.

K.S.A. 1986 Supp. 22-3210 sets forth the procedures for accepting and withdrawing guilty and nolo contendere pleas:

"(a) Before or during trial a plea of guilty or *nolo contendere* may be accepted when:

"(1) The defendant or counsel for the defendant enters such plea in open court; and

"(2) in felony cases the court has informed the defendant of the consequences of the plea and of the maximum penalty provided by law which may be imposed upon acceptance of such plea; and

"(3) in felony cases the court has addressed the defendant personally and determined that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea; and

"(4) the court is satisfied that there is a factual basis for the plea.

"(b) In felony cases the defendant must appear and plead personally and a verbatim record of all proceedings at the plea and entry of judgment thereon shall be made.

"(c) In traffic infraction and misdemeanor cases the court may allow the defendant to appear and plead by counsel.

"(d) A plea of guilty or *nolo contendere*, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged. To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea."

Thus, before a plea of nolo contendere may be accepted, K.S.A. 1986 Supp. 22-3210 requires the trial court to inform the defendant of the consequences of the plea and the maximum penalty provided by law which may be imposed upon the acceptance of such a plea. The court must also address the defendant personally and determine that the plea is made voluntarily and with understanding of the nature of the charge and the consequences of the plea. The court must also determine that there is a factual basis for the plea. This procedure basically follows Rule 11 of the Federal Rules of Criminal Procedure, compliance with which is held to be mandatory upon the federal courts in *McCarthy v. United States*, 394 U.S. 459, 22 L. Ed. 2d 418, 89 S. Ct. 1166 (1969), and which procedure is fastened upon the state courts as a requirement of due process. *Boykin v. Alabama*, 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969); *White v. State*, 222 Kan. 709, 713, 568 P.2d 112 (1977). K.S.A. 22-3210 was enacted following the *Boykin* decision. See *Widener v. State*, 210 Kan. 234, 237-38, 499 P.2d 1123 (1972).

The entering and acceptance of the plea of nolo contendere were thoroughly and carefully done and in full compliance with the provisions of K.S.A. 1986 Supp. 22-3210. The statute provides (1) a plea of guilty or nolo contendere may be *withdrawn* for good cause shown and within the trial court's discretion *before* sentencing, and (2) the court may set aside the judgment of conviction *after* sentencing to correct manifest injustice.

K.S.A. 1986 Supp. 22-3210(d) does not speak of setting aside a plea but rather how a plea may be *withdrawn*. Webster's New World Dictionary 1633 (2nd College ed. 1980) contains the following definition:

"withdraw - 1 a: to take back or draw back; remove b: to remove from use, consideration etc. 2: to retract or recall (a statement, etc.) . . . ."

Inasmuch as a *defendant* enters a plea of guilty or nolo contendere it would appear only a *defendant* making such a plea may seek to withdraw it under the statute.

The Court of Appeals did not hold that K.S.A. 1986 Supp. 22-3210(d) authorized the district court's action of setting aside the plea herein. Rather, the Court of Appeals reasoned:

"We disagree with defendant's position that the court's authority to set aside his plea of nolo contendere was limited by K.S.A. 1986 Supp. 22-3210(d). In our view, the trial court possessed inherent authority to set aside defendant's plea of nolo contendere after learning from the presentence report that he contested the material facts offered to establish his guilt on the burglary charge. To hold otherwise would permit a defendant to manipulate the court by pleading 'no contest' and, after leaving the courtroom, proclaiming his or her innocence. The court would be powerless to prevent abuse of the plea acceptance process and to uphold the integrity of its proceedings." p. 9.

The effect of this reasoning would virtually abolish any reason to plead nolo contendere. If a defendant wishes to admit his guilt he can simply plead guilty. For a variety of reasons a defendant may wish to accept a plea bargain or not be on record as pleading guilty. In *North Carolina v. Alford*, 400 U.S. 25, 27 L. Ed. 2d 162, 91 S. Ct. 160 (1970), defendant was indicted for first-degree murder, the penalty for which was death unless the jury recommended life imprisonment. Defendant claimed he was innocent. He agreed, however, to plead guilty to second-degree murder because he was otherwise faced with the threat of a death penalty if the case went to trial. There was substantial evidence that indicated Alford's guilt. He was sentenced to 30 years' imprisonment. The Fourth Circuit Court of Appeals reversed, holding that the guilty plea was involuntary because of the defendant's fear motivation. The U.S. Supreme Court vacated the judgment of the Fourth Circuit, holding, *inter alia*, there was no constitutional error in accepting a guilty plea which contained a protestation of innocence when the defendant intelligently concluded that his interest required entry of a guilty plea and the record before the judge contained strong evidence of actual guilt. The Court said:

"The issue in *Hudson v. United States*, 272 U.S. 451, [71 L.Ed. 347, 47 S.Ct. 127] (1926), was whether a federal court has power to impose a prison sentence after accepting a plea of *nolo contendere*, a plea by which a defendant does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the court for purposes of the case to treat him as if he were guilty. The Court held that a trial court does have such power, and, except for the cases which were

rejected in *Hudson,* the federal courts have uniformly followed this rule, even in cases involving moral turpitude. [Citations omitted.] Implicit in the *nolo contendere* cases is a recognition that the Constitution does not bar imposition of a prison sentence upon an accused who is unwilling expressly to admit his guilt but who, faced with grim alternatives, is willing to waive his trial and accept the sentence.

"These cases would be directly in point if Alford had simply insisted on his plea but refused to admit the crime. The fact that his plea was denominated a plea of guilty rather than a plea of *nolo contendere* is of no constitutional significance with respect to the issue now before us, for the Constitution is concerned with the practical consequences, not the formal categorizations, of state law. [Citations omitted.] Thus, while most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty. *An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.*

"Nor can we perceive any material difference between a plea that refuses to admit commission of the criminal act and a plea containing a protestation of innocence when, as in the instant case, a defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt." *400 U.S. at 35-37.* (Emphasis supplied.)

Fed. R. Crim. Proc. 11(e) allows a court, upon notification that a defendant's guilty plea is the result of a plea bargain with the government, to do one of three things: (1) accept it; (2) reject it; or (3) defer its decision until there is an opportunity to review the presentence report. *United States v. Blackwell,* 694 F.2d 1325, 1338 (D.C. Cir. 1982). The latter choice may be applied only if the court has defendant's consent to review the presentence report. *United States v. Sonderup,* 639 F.2d 294, 295 (5th Cir.), *cert. denied* 452 U.S. 920 (1981); *United States v. Harris,* 635 F.2d 526, 528 (6th Cir. 1980), *cert. denied* 451 U.S. 989 (1981).

Rule 11 aside, in *United States v. Cruz,* 709 F.2d 111 (1st Cir. 1983), the court held that once a trial court unconditionally accepted a plea agreement, it had no authority to later reject that agreement *sua sponte.* In *Cruz,* the court was faced with the issue of whether a district court can unqualifiedly accept a bargained guilty plea and subsequently reject it on the basis of information in the defendant's presentence investigation report. The court said:

"There is no authority for the district court's actions in the instant case. Of course, the court initially had discretion to accept or reject the plea agreement or

defer determination until, with the defendant's permission, it had examined the presentence report. *See Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971). But, once the court accepted the agreement, thereby binding the defendant and prosecution, it could not simply change its mind on the basis of information in the presentence report, at least where that information revealed less than fraud on the court." 709 F.2d at 114-15.

The same issue was faced in *United States v. Holman*, 728 F.2d 809 (6th Cir.), *cert. denied* 469 U.S. 983 (1984), where the court said:

"We now turn to whether the court, having unqualifiedly accepted the plea agreement, could subsequently reject the bargain based upon information contained in the presentence report.

. . . .

"In this case the subsequent rejection of the bargain was particularly inappropriate, since the court based its action on Holman's presentence report. *See Cruz*, 709 F.2d at 115. As stated above, if the court desired to consider the presentence report in making its decision it should have expressly deferred its decision at the time the plea was offered." 728 F.2d at 812-13.

In *United States v. Blackwell*, 694 F.2d 1325, 1338 (D.C. Cir. 1982), the court said:

"Robinson's plea to the drug charge was expressly based on the government's promise to dismiss the gun charge at the time of sentencing. Once she accepted that plea on the record, we believe that the trial judge was also without authority to vacate the plea and order reinstatement of the gun charge. Although, as pointed out in *Santobello*, 404 U.S. at 262, 92 S.Ct. at 499, there is 'no absolute right to have a guilty plea accepted,' and '[a] court may reject a plea in exercise of sound judicial discretion,' once a judge has accepted a plea and bound the defendant to it, she cannot, except possibly for fraud, refuse to carry through on the bargain."

The court reasoned:

"If compliance with the terms of a plea bargain were to be dependent on some implied but unannounced conditions of good behavior between the acceptance of the plea and the imposition of the sentence, the advantages to the defendant of pleading guilty would be substantially reduced. Rule 11 appears to speak unequivocally; if the plea is accepted, the judge does not announce any deferral of that acceptance, and the defendant adheres to the terms of the bargain, all parties to it are bound. Although the rule does permit deferral of the decision to accept or reject the plea, usually for the purpose of viewing the presentence report, the mere postponement of the sentencing itself to a future date does not authorize the judge to remake or vacate the plea bargain for whatever reasons later seem appropriate to her." 694 F.2d at 1339.

We conclude that, like the federal decisions thereon, the

court's power to set aside, *sua sponte*, a plea of nolo contendere should be limited to a situation where a fraud has been perpetrated on the court in the plea process. There is nothing in the case before us even approaching a fraud on the court in the making or acceptance of the plea. Inasmuch as the district court lacked authority to set aside the plea and order the defendant to trial on all counts, the conviction of felony theft must be reversed. The usual course of procedure would be to remand the case for resentencing on the burglary conviction on the plea. However, defendant's counsel has expressly requested that the jury trial conviction on the burglary charge and the sentence imposed thereon not be disturbed, thereby avoiding an exposure by the defendant to a new and, perhaps, greater sentence. The State has not objected to such a procedure and we see no reason why the request should not be granted.

By virtue of the result reached herein on the first issue, the defendant's second issue asserting double jeopardy need not be determined.

The judgments of the district court and Court of Appeals are affirmed in part and reversed in part.