NOT DESIGNATED FOR PUBLICATION

No. 114,181

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES M. COLBERT,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; HAROLD E. FLAIGLE, judge. Opinion filed April 8, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, P.J., GREEN and LEBEN, JJ.

*Per Curiam*: James M. Colbert appeals the district court's denial of his motion to correct an illegal sentence under K.S.A. 22-3504(1). We granted his motion for summary disposition under K.S.A. 2015 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67).

Colbert was sentenced in 2005 after he pled no contest to three counts of aggravated robbery, one count of attempted aggravated robbery, and one count of misdemeanor theft. Under our state's sentencing guidelines, a felony sentence is based in part on a defendant's criminal-history score. The worse the defendant's criminal-history score, the longer the presumptive guideline sentence. Colbert contends that his criminal-

history score was miscalculated, so we must review his past convictions to see whether they were scored properly under the sentencing guidelines.

The presentence investigation report noted that Colbert had a misdemeanor conviction for battery in September 2002 and two misdemeanor convictions for domestic battery in August 2003 and October 2004. Under K.S.A. 2004 Supp. 21-4711(a), those three misdemeanors were treated as a person felony, which increased Colbert's criminal-history score. The district court ultimately found Colbert's criminal-history score to be a B and sentenced him to 206 months in prison with 36 months' postrelease supervision.

In 2014, Colbert filed a motion to correct an illegal sentence. He argued that the municipal court that convicted him didn't have jurisdiction to hear the case because he should have been charged with felony domestic battery for his third domestic-battery offense and municipal courts do not have jurisdiction to hear felony cases. He reasoned that because the municipal court lacked jurisdiction, the conviction was void and could not be considered by the district court in determining his criminal-history score. See *State v. Elliott*, 281 Kan. 583, Syl. ¶¶ 1, 3, 133 P.3d 1253 (2006) (holding that municipal courts do not have jurisdiction to hear felony cases and that any resulting convictions are void). Thus, according to Colbert, the district court improperly calculated his criminal-history score in the aggravated-robbery case, resulting in an illegal sentence. See *State v. Dickey*, 301 Kan. 1018, 1030-34, 350 P.3d 1054 (2015) (noting that if the criminal-history score is incorrect, the defendant's sentence is necessarily illegal because it does not comply with applicable statutory provisions for sentencing). The district court denied Colbert's motion to correct an illegal sentence, and Colbert has appealed to our court.

Whether a sentence is illegal is a question of law that we review independently, with no required deference to the district court. *State v. Collins*, 303 Kan. 472, 473, 362 P.3d 1098 (2015). Likewise, we exercise independent review in determining whether the

municipal court had jurisdiction over the 2004 domestic-battery case. See *State v. Jenkins*, 295 Kan. 431, 435, 284 P.3d 1037 (2012).

K.S.A. 2004 Supp. 21-3412a(a)-(b) (now K.S.A. 2015 Supp. 21-5414[a]-[b]) set out the elements of domestic battery and provided that the first and second convictions were misdemeanors but that the third conviction for domestic battery within 5 years was a felony. At the time Colbert was sentenced for the aggravated robbery, the domestic-battery statute defined "conviction" to include only convictions for domestic battery. K.S.A. 2004 Supp. 21-3412a(c)(2)(A) ("'Conviction' includes being convicted of a violation of *this section* or entering into a diversion or deferred judgment agreement in lieu of further criminal proceedings on a complaint alleging a violation of *this section*." [Emphasis added.]). The elements of and punishment for battery were provided separately in K.S.A. 2004 Supp. 21-3412.

As we previously noted, Colbert's record shows a misdemeanor battery conviction in 2002, a misdemeanor domestic-battery conviction in August 2003, and another misdemeanor domestic-battery conviction in 2004. So when the municipal court convicted Colbert of domestic battery in 2004, he had only one prior conviction for domestic battery (from 2003). His 2002 battery conviction did not count as a prior conviction under the domestic-battery statute. Since Colbert's 2004 domestic-battery offense was his second, not his third, the municipal court had jurisdiction to hear the case and convict him. Because the conviction was valid, the sentencing court properly considered it in determining Colbert's criminal-history score and did not impose an illegal sentence.

We therefore affirm the district court's judgment.