(625 P.2d 7)
No. 52,575

STATE OF KANSAS, *Appellant,* v. ROY LEE LOVE, *Appellee.*

Petition for review denied April 29, 1981.

Opinion filed March 13, 1981.

*Bate R. Hamilton,* assistant district attorney, *Robert T. Stephan,* attorney general, and *Dennis W. Moore,* district attorney, for the appellant.

*David R. Gilman* of David R. Gilman & Associates, of Overland Park, for the appellee.

*Max G. Moses,* of Topeka, and *Will Madden,* of Lawrence, on the brief for *amicus curiae,* Kansas County and District Attorneys' Association.

Before FOTH, C.J., PARKS and SWINEHART, JJ.

SWINEHART, J.: This is an appeal by the State from an order of the District Court of Johnson County sustaining petitioner Roy Lee Love's writ of habeas corpus on double jeopardy grounds. This case was improperly titled, and is separate and distinct from the original case wherein Love was charged with the commission of a felony.

The petitioner was originally arrested on April 18, 1979, and charged with aggravated robbery in district court case No. K-34933. However, the information did not contain the language "by force or threat of bodily harm." The petitioner was convicted after trial to a jury. On December 4, 1979, the petitioner was sentenced to a minimum of seven years and a maximum of twenty years. As the court found a firearm was used in the robbery, the seven year minimum was without possibility of parole. Petitioner

appealed to the Supreme Court on December 26, 1979, and the appeal was docketed as case No. 51,753. Petitioner's appeal was dismissed by the Supreme Court on June 17, 1980, for lack of prosecution.

On February 20, 1980, the State moved to arrest judgment pursuant to K.S.A. 22-3503 based upon the Supreme Court's ruling in *State v. Howell & Taylor,* 226 Kan. 511, 601 P.2d 1141 (1979). At a hearing on March 6, 1980, the trial court sustained the motion and set aside the judgment and sentence in K-34933.

On the same day the State filed a new information against petitioner based upon the same incident as in case No. K-34933, the new case being numbered K-37034. Another preliminary hearing was held in K-37034 and the petitioner was again bound over and arraigned. The petitioner timely moved the trial court for a dismissal on the ground of former jeopardy. On the day of the trial, the trial court overruled the motion and the petitioner waived speedy trial in order to pursue a writ of habeas corpus. The district court granted the writ of habeas corpus and ordered the petitioner discharged on the basis that a subsequent trial in K-37034 would constitute double jeopardy.

The sole inquiry is whether the petitioner had been placed in jeopardy by his first trial for aggravated robbery which resulted in a conviction that was ultimately set aside and the case dismissed on the State's motion for arrest of judgment. Petitioner argues that the arrest of judgment and dismissal of the case was tantamount to an acquittal and accordingly, a second trial on the same charge is barred by former jeopardy principles. The State contends that a conviction obtained under a fatally defective information is void as the trial court lacked subject matter jurisdiction over the case. Therefore, jeopardy never attached and the petitioner may be retried.

The Kansas constitutional provision against double jeopardy is contained in § 10 of the Bill of Rights. K.S.A. 1980 Supp. 21-3108 applies this general prohibition in various circumstances. Section (4) is particularly relevant to this case:

"(4) A prosecution is not barred under this section:

"(*a*) By a former prosecution before a court which lacked jurisdiction over the defendant or the offense; or

. . . .

"(*c*) If subsequent proceedings resulted· in the invalidation, setting aside, reversal or vacating of the conviction, unless the defendant was adjudged not guilty."

*State v. Howell & Taylor,* 226 Kan. 511, the case which precipitated the arrest of judgment in the instant appeal, reiterates the traditional principles necessitating invocation of K.S.A. 1980 Supp. 21-3108(4). In *Howell & Taylor* the defendants had been convicted of aggravated assault on a law enforcement officer and aggravated robbery. They appealed on the ground that the aggravated robbery information under which they were charged was defective. The court found that the failure of the information charging aggravated robbery to state "that the taking was by force or by threat of bodily harm, was fatally defective to the State's prosecution of the information." 226 Kan. at 514. As a result, the convictions of aggravated robbery were reversed and the county attorney was authorized in his discretion to reprosecute the defendants for the same offense on proper complaint and information. The defect described in *Howell & Taylor* is essentially the same defect that existed in the original information filed in this case.

The court's rationale was dependent upon traditional jurisdictional principles.

"In a felony action, the indictment or information is the jurisdictional instrument upon which the accused stands trial. [Citations omitted.]

"A conviction based upon an information which does not sufficiently charge the offense for which the person is convicted is void. [Citations omitted.]

"If the facts alleged in a complaint or information do not constitute an offense in the terms and meaning of the statute upon which it is based, a complaint or information is fatally defective. [Citations omitted.]" *State v. Howell & Taylor,* 226 Kan. at 513.

Here, petitioner's conviction was obtained in a court which lacked jurisdiction and thus the conviction was a nullity.

In view of the relief granted in *State v. Howell & Taylor,* it is arguable that the Supreme Court implicitly found that a retrial on the aggravated robbery charges at the discretion of the county attorney would not be barred by double jeopardy. However, double jeopardy was not an issue on appeal and therefore *Howell & Taylor* falls short of providing a clear-cut resolution of this case. Further, that case is slightly distinguishable because the reversal was obtained upon an appeal by the defendants, whereas the conviction in the instant case was set aside by order of the trial court on the State's motion to arrest judgment.

For purposes of K.S.A. 1980 Supp. 21-3108(4)(*a*) and (*c*), it does not matter whether a conviction is reversed on appeal or set aside

on an arrest of judgment motion, since the underlying basis for both decisions is a fatally defective indictment. In either instance the conviction must be invalidated because the trial court lacked jurisdiction, thus falling squarely within the language of K.S.A. 1980 Supp. 21-3108(4)(*a*) and (*c*). Although the comments of the Judicial Council following K.S.A. 21-3108, before its 1977 amendments, speak only of a defendant's conviction set aside as a result of "*his* collateral attack or *his* direct appeal" (emphasis added), the language of the statute itself is not limited to convictions set aside through the efforts of the defendant.

Accordingly, under Kansas law a second trial for aggravated robbery upon an information properly charging the offense is not barred by double jeopardy. However, the Fifth Amendment guaranty against double jeopardy has been made applicable to the states. *Benton v. Maryland,* 395 U.S. 784, 23 L.Ed.2d 707, 89 S.Ct. 2056 (1969). Therefore, whether or not federal constitutional principles would preclude retrial must be considered.

In the seminal case involving double jeopardy, *United States v. Ball,* 163 U.S. 662, 41 L.Ed. 300, 16 S.Ct. 1192 (1896), the United States Supreme Court determined that an indictment for murder was fatally defective, and as a result, would not support a murder sentence. Two of the appellants had been convicted under the defective indictments, and one had been acquitted. The Court held that the defendant who had been acquitted under the defective indictment could not be placed in jeopardy again. The convicted defendants, however, could be retried. In *United States v. Tateo,* 377 U.S. 463, 12 L.Ed.2d 448, 84 S.Ct. 1587 (1964), the United States Supreme Court found that the fact a defendant's conviction had been overturned in a collateral attack rather than on direct appeal, was irrelevant for purposes of determining whether double jeopardy barred retrial. Thus, a defendant whose conviction was overturned in a collateral attack on the ground that his guilty plea was involuntarily induced by comments of the trial court could be reprosecuted.

*Burks v. United States,* 437 U.S. 1, 57 L.Ed.2d 1, 98 S.Ct. 2141 (1978), dispels the argument advanced by the petitioner that the arrest of judgment rendered his case akin to an acquittal. The issue was whether the retrial of a defendant whose conviction was reversed on appeal because of insufficient evidence was barred by double jeopardy. *Burks* clearly established that any

reversal on appeal, obtained due to an evidentiary insufficiency, would bar a retrial. The case is important in this action for the distinctions made between reversals based upon trial error, as in *United States v. Ball,* 163 U.S. 662, *i.e.,* for failure to dismiss a faulty indictment, and those due to evidentiary insufficiency. Borrowing from *United States v. Tateo,* 377 U.S. 463, the Court reasoned that disallowing a retrial extracted too high of a price from society for any reversible trial error in the proceedings.

"[R]eversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has failed to prove its case. As such, it implies nothing with respect to the guilt or innocence of the defendant. Rather, it is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect. . . . When this occurs, the accused has a strong interest in obtaining a fair readjudication of his guilt free from error, just as society maintains a valid concern for insuring that the guilty are punished." *Burks v. United States,* 437 U.S. at 15.

The Court further distinguished reversals for trial error from reversals for failure of proof. In the latter case, the prosecution could not claim it was prejudiced because it had been afforded the opportunity to present its evidence. A reversal in such a case indicated that the evidence was so weak that it should not have gone to the jury at all. The Court additionally noted that as a jury acquittal is given absolute finality regardless of how erroneous, the same consideration should apply to cases on appeal.

Moreover, the Kansas rule provides that granting a motion for arrest of judgment does not constitute an acquittal, but rather places a defendant in the same position he held prior to prosecution. *State v. Crozier,* 225 Kan. 120, 123, 587 P.2d 331 (1978); *State v. Stephenson,* 69 Kan. 405, 409, 76 Pac. 905 (1904). Thus, petitioner's assertion that the arrest of judgment for a defective information was tantamount to acquittal is erroneous.

In view of the unusual manner in which the conviction was set aside, that is, on a motion to arrest judgment, there is some suggestion that the trial court may have concluded that the instant case was more in line with the federal decisions which have considered the double jeopardy issues in the context of a mistrial. In *State v. Bates,* 226 Kan. 277, 597 P.2d 646 (1979), the Kansas Supreme Court reviewed several of these cases. Syllabus ¶ 5 summarizes the relevant double jeopardy principles when a mistrial has been declared.

"When particular circumstances manifest a necessity for so doing, the trial court may, in its sound discretion, declare a mistrial, discharge the jury, and require a defendant to stand trial before another jury when failure so to do will defeat the ends of justice to either or both parties."

Later the court observed:

"This issue has evolved into a *balancing of interests* analysis; the appellant's right not to be placed in double jeopardy versus the public interest in seeking a final determination through a second trial." 226 Kan. at 284.

The mistrial rationale has been extended to include a case where the information was dismissed at the close of the evidence "for failure to provide adequate notice." See *Lee v. United States,* 432 U.S. 23, 53 L.Ed.2d 80, 97 S.Ct. 2141 (1977). If such approach is deemed proper here, the retrial of the petitioner still would not contravene the double jeopardy prohibition of the United States Constitution. Here the State quickly moved to arrest the judgment upon learning of the decision in *State v. Howell & Taylor.* Presumably, if the prosecution had not taken the initiative to correct the situation, the petitioner, had he pursued his original appeal, would have been in a position to gain reversal. If the latter route had been followed, the petitioner unquestionably could be subjected to retrial under *United States v. Ball.*

The petitioner here placed great emphasis during oral arguments upon the fact that the original case was dismissed by the trial court and that the State filed a new information, rather than amending the original one. For this reason only, he contends double jeopardy was applicable. We find this argument without merit. It makes no difference how the State proceeds under the facts of this case.

The decision of the district court is reversed. The prosecutor may, within his discretion, retry the petitioner for aggravated robbery upon the pending charge.

Judgment reversed.