(52 P.3d 368)

No. 87,611

STATE OF KANSAS, *Appellant*, v. ROBERT J. WELLER, *Appellee*.

Opinion filed August 23, 2002.

*Stacy Lynn Cunning*, assistant county attorney, *Ellen H. Mitchell*, county attorney, and *Carla J. Stovall*, attorney general, for appellant.

*James L. Sweet*, of Sweet & Sheahon, of Salina, for appellee.

Before ELLIOTT, P.J., ROGG, S.J., and WAHL, S.J.

ELLIOTT, J.: The State appeals the trial court's order dismissing, on statutory double jeopardy grounds, a single complaint charging Robert J. Weller of felony fleeing and eluding an officer.

We agree the prosecution is not barred by K.S.A. 21-3108 and, therefore, we reverse and remand.

Procedurally, the case is straightforward. Weller was charged with nine counts: felony fleeing and eluding and various traffic offenses. After a bench trial, Weller was found guilty of felony fleeing and eluding and three of the traffic offenses.

Weller moved to arrest judgment, and the trial court vacated the felony fleeing and eluding conviction because the charging document did not list all of the essential elements; thus, the trial court had no jurisdiction over the charge. See, *e.g., State v. Crichton*, 13 Kan. App. 2d 213, 214, 766 P.2d 832 (1988), *rev. denied* 244 Kan. 739 (1989).

The State refiled the felony fleeing and eluding charge which the trial court had dismissed based on the compulsory joinder rule found in the double jeopardy statute, K.S.A. 21-3108(2)(a). It is

from this order the State appeals, arguing K.S.A. 21-3108(4)(a) allows the prosecution to proceed.

K.S.A. 21-3108(2)(a) essentially provides that a prosecution is barred if the defendant was formerly prosecuted for a *different* crime *if* the prior prosecution resulted in acquittal or conviction *and* the subsequent prosecution is for a crime of which evidence was admitted in the prior prosecution *and* which could have been included in the prior charging document in the prior prosecution.

Here, simply put, the prior prosecution was not for a different crime—the two prosecutions were for the *same* crime: felony fleeing and eluding. In the prior prosecution, the State presented enough evidence of felony fleeing and eluding that the trial court found Weller guilty beyond a reasonable doubt. Further, the State attempted, in the prior prosecution, to charge felony fleeing and eluding, but omitted an essential element which proved fatal to the State's case when the trial court granted Weller's motion to arrest judgment.

K.S.A. 21-3108 was derived from the Model Penal Code. See Judicial Council comment to K.S.A. 21-3108 (Weeks 1974). The counterpart to K.S.A. 21-3108(2)(a) is Art. 1, § 1.09 of the Model Penal Code (1962), which talks in terms of the current prosecution being for a violation "of a different provision of the statutes than a former prosecution."

We recognize that *In re Berkowitz*, 3 Kan. App. 2d 726, 602 P.2d 99 (1979), concluded the compulsory joinder rule continued to operate even after the conviction was set aside, for whatever reason. 3 Kan. App. 2d at 745.

Based on our reading of the plain language of K.S.A. 21-3108, *Berkowitz* simply does not apply here. Weller, in the second prosecution, was not charged with a *different crime*.

At the same time, K.S.A. 21-3108(4)(a) clearly states a prosecution is not barred *"under this section"* by a former prosecution before a court which lacked jurisdiction over the defendant *"or the offense."* (Emphasis added.)

*State v. Love*, 5 Kan. App. 2d 768, 625 P.2d 7, *rev. denied* 229 Kan. 671 (1981), is instructive with respect to K.S.A. 21-3108(4)(a). There, Love was charged with aggravated robbery, but an essential

element was lacking in the charging document under *State v. Howell & Taylor*, 226 Kan. 511, 601 P.2d 1141 (1979). A second prosecution by an information listing the missing element was frustrated by the trial court's granting of a writ of habeas corpus, based on double jeopardy grounds. See 5 Kan. App. 2d at 769.

On the State's appeal, we held Love's first conviction was obtained by a court lacking jurisdiction over the offense and was, therefore, a nullity. As a result, the second prosecution was not barred. 5 Kan. App. 2d at 771-73.

The Model Penal Code counterpart of K.S.A. 21-3108(4)(a) is essentially the same: A former prosecution is not a bar where the former prosecution was before a court lacking jurisdiction over the defendant *or the offense*. Art. 1, § 1.11 (1962).

Clearly, K.S.A. 21-3108(4)(a) and our prior holding in *Love* provide that the present prosecution of Weller is not barred.

We see no conflict between K.S.A. 21-3108(2)(a) and K.S.A. 21-3108(4)(a). But even if there is a conflict, K.S.A. 21-3108(4)(a) controls. We can find no Kansas precedent on the question of which section controls if both apply.

When interpreting a statute, the legislative intent governs when it can be ascertained from the statute. *State v. Bolin*, 266 Kan. 18, 24, 968 P.2d 1104 (1998).

Our starting point is the clear language of K.S.A. 21-3108(4)(a): A prosecution is not barred *under this section* by a former prosecution where the court lacked jurisdiction over the defendant or the offense. The emphasized words clearly indicate subsection 4 acts as an exception to *all* of the subsections of K.S.A. 21-3108, including K.S.A. 21-3108(2)(a). Subsection (4)(a) controls over subsection (2)(a).

Our construction of the statute conforms to several precedential sources. First, our construction is consistent with longstanding United States Supreme Court and Kansas Supreme Court double jeopardy jurisprudence. See *Grafton v. United States*, 206 U.S. 333, 345, 51 L. Ed. 1084, 27 S. Ct. 749 (1907) (before a person can be put in jeopardy, the court in which the defendant was acquitted or convicted must have had jurisdiction); *United States v. Ball*, 163 U.S. 662, 669-70, 41 L. Ed. 300, 16 S. Ct. 1192 (1896)

(an acquittal before a court lacking jurisdiction is void and, therefore, no bar to subsequent prosecution in a court having jurisdiction over the offense); *State v. Hendren*, 127 Kan. 497, Syl. ¶ 1, 274 Pac. 274 (1929).

Further, as noted above, K.S.A. 21-3108 was based on the Model Penal Code. While the Kansas statutes are more concisely written, the Model Penal Code, on which K.S.A. 21-3108 is based, clearly reaches the same conclusion: A prosecution is not barred by K.S.A. 21-3108(2)(a) when the provisions of K.S.A. 21-3108(4)(a) are met.

Finally, following the adoption of the Criminal Code in 1968, Professor Raymond Spring authored a comprehensive article analyzing the "new" double jeopardy statute. See Spring, *The Effect of Former Prosecutions: Something Old and Something New Under Kan. Stat. Ann. Sec. 21-3108*, 9 Washburn L.J. 179 (1970).

After discussing the first three subsections of K.S.A. 21-3108, all of which bar a subsequent prosecution, Professor Spring stated:

"Certainly some general qualifications upon the bar provided by the earlier provisions of section 21-3108 are necessary. The law appears to be universal that no bar arises from a former trial before a court which lacked jurisdiction and this is recognized in 21-3108(4)(a). *Where the complaint, information, or indictment is fatally defective the court is without jurisdiction, since no valid judgment can be entered.*" (Emphasis added.) Spring, 9 Washburn L.J. at 190.

In enacting K.S.A. 21-3108, the legislature intended to comprehensively codify the complex topic of double jeopardy. As previously noted, we must give effect to the legislature's intent when it can be ascertained. See *State v. Engles*, 270 Kan. 530, 533, 17 P.3d 355 (2001).

In the present case, Weller was not subjected to being twice tried for the same offense. The first prosecution was held in a court lacking jurisdiction over the charge and was, therefore, void.

We reverse the trial court's decision; the prosecutor may, within her discretion, retry Weller for felony fleeing and eluding.

Reversed and remanded.