NOT DESIGNATED FOR PUBLICATION

No. 114,660

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

MELISSA VALLES,
*Appellee*.

MEMORANDUM OPINION

Appeal from Barton District Court; RON SVATY, judge. Opinion filed February 10, 2017.
Reversed and remanded with directions.

*Amy J. Mellor*, assistant county attorney, *Douglas A. Matthews*, county attorney, and *Derek Schmidt*, attorney general, for appellant.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellee.

Before POWELL, P.J., PIERRON and HILL, JJ.

*Per Curiam*:  We must reverse the district court's order setting aside Melissa Valles' conviction for identity theft on the basis of a defective complaint. While the complaint was technically defective, the error was harmless.

*Valles came to this country with her husband who later fled to Mexico.*

In 2003 Valles illegally moved to the United States with her husband who had a valid work permit. When Valles and her husband moved to this country, Valles had a 4-year-old daughter and was pregnant.

After Valles' husband tried to sexually abuse Valles' oldest daughter, Valles and the rest of her family left the home and went to the local Family Crisis Center. The Center helped Valles file a police report and begin divorce proceedings. After Valles' divorce was final, her ex-husband fled back to Zacatecas, Mexico. Valles was left behind in difficult circumstances. She had to provide for her five children—her ex-husband was not providing any child support. Valles applied for a humanitarian visa, but it was denied due to her daughter being the victim.

In order to support her family, Valles obtained work without any documentation at a Chinese buffet in Great Bend. The restaurant paid her cash for her work. At some point, the buffet manager asked Valles to provide a social security number. When Valles was not able to produce a social security number, the restaurant discharged her.  After that, a friend helped her obtain a fake social security card and a resident alien permit. Valles was told the numbers on the documentation were made up and did not belong to anyone. Valles used the fake social security number to obtain work at Red Barn Pet Products in Barton County.

Actually, the social security number Valles obtained was assigned to a woman who was receiving social security disability benefits—Deborah Truesdale. Truesdale was living in subsidized housing in Colorado. In 2014, a member of the Boulder County, Colorado, Housing Authority was performing Truesdale's annual recertification for subsidized housing. The evaluation showed Truesdale had earned $12,946 from Red Barn Pet Products. Because Truesdale suffered from severe anxiety, her caseworker believed it

was unlikely she was working in a different state and investigated the matter further. The caseworker called Red Barn Pet Products and was told Truesdale was not an employee. After learning this, the caseworker asked Truesdale to contact the police.

The corporate office for Red Barn Pet Products informed the human resources manager of the Great Bend plant that Valles was working under a stolen social security number. The human resources manager confronted Valles about this issue. Valles admitted to using a fake social security number, and the human resources manager fired Valles.

After being fired from Red Barn Pet Products, Valles used the stolen social security number to obtain employment at McDonald's in Great Bend. Sharon Wondra, a detective with the Barton County Sherriff's Department, contacted Valles at McDonald's. Wondra asked Valles about her work at Red Barn Pet Products, and Valles said she was let go for not having a valid social security number. McDonald's management told Valles to clock out until she had a valid social security number. Valles told Wondra that she paid $100 for the fake social security card and resident alien permit. Valles voluntarily gave the fake documents to Wondra after retrieving them from her house.

The State charged Valles with identity theft. The major issue in this appeal is the wording of the charging document. It stated:

> "That on or between the 14th day of March, 2013, and the 17th day of July, 2014, in Barton County, Kansas, Melisa Valles, then and there being present did unlawfully, feloniously, and with the intent to defraud for any benefit, obtain, possess, transfer, use, sell or purchase any personal identifying information, or document containing personal identifying information, to-wit: The Social Security number of Deborah Marie Truesdale, other than that issued lawfully for the use of the possessor. In violation of K.S.A. 21-6107(a)(1), Identity Theft, a severity level 8 nonperson felony."

3

The jury convicted Valles of identity theft. Valles moved to arrest judgment, alleging that the charging document did not set out the essential elements of the crime. The State argued against the motion to arrest judgment.

The district court granted the motion. Basically, the district court was concerned with how the case would affect Valles' status in this country, stating: "if I don't grant the defense motion for arrest of judgment . . . I leave four United States citizens without a mother. The oldest of those children is 16, and the father is in Mexico." However, the district court also stated: "On the other hand, do I have enough of a basis to grant the motion? I think I do. I don't think there's any clear case law . . . saying that this motion can't be granted. So in one sense, I have been saved." Ultimately, the district court was unsure of its ruling:

> "I'm stating on the record that I feel like I probably will be reversed, but hopefully, by the time I'm reversed, the oldest child will be 18 and at least the four American citizens can stay in the United States and hopefully be cared for by the oldest child. So Ms. Valles, I hope you're out that long, and I hope that you structure your children's lives with that in mind, because I don't think you're going to win this eventually. I think I'm going to be overturned. I hope I'm not, but I think I will be, so -- and I know you care for your children and you love them, and you need to prepare them for the fact that someday you won't be with them and your oldest child is going to have to take care of them, and hopefully, we get that much time, so I'm granting the defendant's motion."

In this appeal, the State argues that our Kansas Supreme Court's recent ruling in *State v. Dunn*, 304 Kan. 773, 375 P.3d 332 (2016), applies to this case since it was pending on appeal when the decision in *Dunn* came down. Furthermore, under the *Dunn* holding, the complaint filed in this case was not deficient. Valles, on the other hand, maintains that *Dunn* does not apply and the district court's ruling is correct because the complaint fails to identify a victim. Also, Valles argues that this issue is not properly preserved for appeal since the State did not object to the district court's ruling.

4

In our view, this matter is preserved for appeal because the State filed a response opposing Valles' motion to arrest judgment. Furthermore, K.S.A. 22-3602(b)(2) grants the State authority to appeal a grant of motion to arrest judgment. We will address the issue.

We asked the parties for supplemental briefing because after their briefs were filed, the Kansas Supreme Court decided *Dunn*, which overruled the previous caselaw regarding deficient charging documents. The case established a new analytical framework. 304 Kan. 773, Syl. ¶ 4. Rather than the charging documents *establishing* subject matter jurisdiction for the court to hear a criminal charge, the Kansas Constitution is the source of a court's subject matter jurisdiction and the charging document *invokes* that jurisdiction. 304 Kan. at 812. Thus, the charging document does not need to include all the essential elements of a charged offense; rather, the document is sufficient if it alleges facts, if proven beyond a reasonable doubt, which show the defendant has committed a crime in Kansas. 304 Kan. at 812.

*There are three ways a complaint can now be defective.*

The *Dunn* opinion gives three specific ways that a charging document can be defective and three ways for a court to address the matter:

- First, a charging document can be deficient if it shows the charges are filed in the correct court. This deficiency can be corrected by an amendment before the verdict under K.S.A. 22-3201(e). Additionally, the court retains subject matter jurisdiction if the case was in fact brought before the correct court.

- Second, a charging document may be deficient if it does not state facts that constitute a crime in Kansas. This deficiency is more serious than the first and

5

should be corrected as soon as possible. 304 Kan. at 816. If a court determines the charging document is defective it must determine if the error was harmless under the statutory harmless error test, K.S.A. 2015 Supp. 60-261 and K.S.A. 60-2105. If the error is not harmless an arrest of judgment should be granted.

- The third way a charging document may be defective is if it does not meet state and federal standards for due process and notice. When these standards are not met the constitutional harmless error test is applied. 304 Kan. at 816-17.

In its supplemental brief, the State argues that this complaint alleged facts "establishing the defendant's commission of a crime recognized in Kansas." In the State's view, this is sufficient under the *Dunn* standard. In reply, Valles contends that *Dunn* must be applied prospectively and, thus, does not apply here. In the alternative, she argues that even if applied here, the district court is still correct.

We need not decide if *Dunn* is to be applied retroactively because this case was pending on appeal when the Supreme Court handed down its decision. When the Supreme Court issues an opinion, the new opinion is binding upon all other future cases and all cases still pending on appeal. *Stechschulte v. Jennings*, 297 Kan. 2, 18, 298 P.3d 1083 (2013); see *State v. Spencer Gifts, LLC*, 304 Kan. 755, 768, 374 P.3d 680 (2016) ("'[W]hen an appellate court decision changes the law, that change acts prospectively and applies only to all cases, state or federal, that are pending on direct review or not yet final on the date of the appellate court decision.' [Citation omitted.]"). Valles' case was pending at the time the Supreme Court issued its opinion in *Dunn*. The *Dunn* opinion is the binding law through which this issue must be analyzed. We will now examine this complaint.

In order for a complaint to be statutorily sufficient, the complaint must set out essential facts that if proven beyond a reasonable doubt would constitute a crime in Kansas. Valles' complaint stated:

> "That on or between the 14th day of March, 2013, and the 17th day of July, 2014, in Barton County, Kansas, Melissa Valles, then and there being present did unlawfully, feloniously, and with the intent to defraud for any benefit, obtain, possess, transfer, use, sell or purchase any personal identifying information, or document containing personal identifying information, to-wit: the Social Security number of Deborah Marie Truesdale, other than that issued lawfully for the use of the possessor. In violation of K.S.A. 21-6107(a)(1), Identity Theft, a severity level 8 nonperson felony."

The crime is set out in K.S.A. 2013 Supp. 21-6107(a)(1). It states: "Identity theft is obtaining, possessing, transferring, using, selling or purchasing any personal identifying information, or document containing the same, belonging to or issued to another person, with the intent to: (1) Defraud that person or anyone else, in order to receive any benefit."

After reading the statute, it is clear then that in order to be convicted of identity theft a defendant must have the intent to defraud either the person whose identity was stolen *or any other person* in order to obtain a benefit.

Prior to the recodification of the criminal code, identity theft only required "intent to defraud for any benefit." K.S.A. 21-4018. When the criminal code was recodified in 2010 the legislature changed the intent language to: "intent to defraud that person, or any one else, in order to receive any benefit." L. 2010, ch. 136, sec. 177. Due to this change, the intent to defraud *a person or any one else* for a benefit is a fact which must be proved beyond a reasonable doubt in order to support a conviction.

The Pattern Instructions for Kansas illustrates the correct reading of the statute:

"The defendant is charged with identity theft. The defendant pleads not guilty. To establish this charge, each of the following claims must be proved:

1.  The defendant (obtained) (possessed) (transferred) (used) (sold) (purchased) any personal identifying information or document containing personal identifying information belonging to or issued to *insert name of other person*.
2.  The defendant did so with the intent to defraud *insert name of person defendant intended to defraud* in order to receive a benefit.
3.  This act occurred on or about the _____ day of _____, in _____ County, Kansas." PIK Crim. 4th 61.050.

Turning to the language of the complaint, the State did not allege Valles intended to defraud *any person* for a benefit. Rather, the complaint only stated "with the intent to defraud for any benefit." Because the intent to defraud a person or any one else is an essential fact for conviction, the complaint in this case is statutorily deficient. See *Dunn*, 304 Kan. at 820-21.

Under *Dunn*, arresting judgment is not appropriate if a statutory defect in a complaint is harmless under K.S.A. 2015 Supp. 60-261 and K.S.A. 60-2105. See *Dunn*, 304 Kan. at 816-17. The analysis under these statutes is to determine if a defendant's substantial rights were violated by the defect in the charging document. 304 Kan. at 821. Under K.S.A. 60-2105, "the court shall render such final judgment as it deems that justice requires, or direct such judgment to be rendered by the court from which the appeal was taken, without regard to technical errors and irregularities in the proceedings of the trial court."

Here, the charging document is technically deficient. If the State had charged Valles with "the intent to defraud any person for any benefit" there would be no statutory defect in the charging document as it would allege the essential facts necessary for a

8

conviction. See *Dunn*, 304 Kan. at 816. In *Dunn*, the court determined the defendant's substantial rights were not violated because, "[Dunn] and his trial counsel clearly understood exactly what the State sought to prove" and the "defense was that he was authorized . . . to use check #1050 . . . and that he did not intend to defraud her or the Smoke Shop in the transaction." 304 Kan. at 821.

This case is similar to *Dunn*. Valles and her attorney understood the charges the State brought. In closing argument Valles argued,

> "The second element is the defendant did so with the intent to defraud Red Barn Premium Pet Products or McDonald's in order to receive a benefit. This is obviously where we differ, our view of things versus the prosecution's view of things. She had no intent to defraud anybody. She did so with the intent to get a job."

Additionally, Valles argued she acted under compulsion due to her specific circumstances of needing to provide for her children.

Valles understood the charges being brought against her and was able to present an adequate defense to the charges—although that defense was unsuccessful. See *Dunn*, 304 Kan. at 821. Because Valles understood the charges against her and presented a viable defense to those charges, her substantial rights were not violated. The district court erred by granting the arrest of judgment.

*We examine the question of notice and due process.*

Even though the statutory defect in the complaint does not violate Valles' substantial rights, we must consider whether the language of the complaint fails to afford Valles due process and notice of the charges brought against her. See *Dunn*, 304 Kan. at 816.

9

A charging document satisfies due process and notice when the defendant is aware of the charges being brought against him or her in order for him or her to adequately raise a defense against the charges. See *Dunn*, 304 Kan. at 821-22. This includes the ability to argue the charge places the defendant in double jeopardy. Under K.S.A. 2015 Supp. 21-5110, double jeopardy occurs when the defendant "was formerly prosecuted for the same crime, based upon the same facts."

Valles is correct when she states that each separate use of a stolen identity constitutes a separate crime. See *State v. Green*, 38 Kan. App. 2d 781, 786-87, 172 P.3d 1213 (2007). Based upon this, Valles argues she is not able to raise a defense of double jeopardy in a future proceeding. At the future proceeding, the court would not rely solely on the charging document in this case, but rather determine if the future case charges a crime based upon the same facts as this case. See K.S.A. 2015 Supp. 21-5110.

In our view, Valles' argument incorrectly analyzes the due process and notice issue. If Valles is correct, jeopardy never attached to the present case and she could be tried again for these charges. See, *e.g.*, *State v. Love*, 5 Kan. App. 2d 768, Syl. ¶ 1, 625 P.2d 7 (1981). In *Love*, the court held, "Double jeopardy is not a bar to a second criminal prosecution based upon the same criminal act that resulted in a previous conviction when the judgment entered on the previous conviction has been arrested because the trial court lacked jurisdiction." The correct analysis is whether the present charging document would allow Valles to raise a defense of double jeopardy to the charges presented therein. See *State v. Jones*, 242 Kan. 385, 393, 748 P.2d 839 (1988).

Valles' charging document identifies a range of dates over which the crime took place and the identity of the person whose social security number was stolen. Double jeopardy occurs when a prior case uses the same facts to prove the same elements as the current case. See *State v. Smith*, 36 Kan. App. 2d 606, 610-11, 142 P.3d 739 (2006). Because double jeopardy is determined based upon the facts of a decided case, a charging

document provides sufficient notice if it contains facts which could identify the prior case. The range of dates and the identity of the person whose social security number was stolen are sufficient facts that could identify a prior trial for the same offense. The charging document provides sufficient notice for Valles to raise a claim of double jeopardy.

Even if the charging document did not provide sufficient due process or notice, under the ruling in *Dunn*, the conviction should not be overturned if the error meets the constitutional harmlessness test. See 304 Kan. at 814. Under *Chapman v. California*, 386 U.S. 18, 23-24, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967), a constitutional error is harmless when a reviewing court believes beyond a reasonable doubt that the error does not change the outcome. Valles has not faced criminal charges for identity theft prior to this case. Valles was not prejudiced by any defect in due process or notice, which did not allow for a defense of double jeopardy to be raised, because no defense of double jeopardy could possibly have been raised.

We reverse the court's arrest of judgment and remand for sentencing to be conducted by a different judge.