NOT DESIGNATED FOR PUBLICATION

No. 117,885

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES DEAN THOMPSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth Court; GUNNAR A. SUNDBY, judge. Opinion filed June 12, 2020. Affirmed in part, reversed in part, and remanded with directions.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Joan Lowdon*, deputy county attorney, *Todd Thompson*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., GREEN, J., and TIMOTHY J. CHAMBERS, District Judge, assigned.

PER CURIAM: James Dean Thompson was charged with attempted murder in the first-degree, three counts of aggravated assault, criminal discharge of a firearm at an occupied vehicle, and two counts aggravated endangering a child. A jury convicted Thompson of aggravated assault, criminal discharge of firearm, and aggravated endangering a child. In addition, the jury found Thompson to be guilty of the uncharged crime of aggravated battery. After he was sentenced, Thompson filed a timely notice of appeal. However, he only appealed his sentence. About a year later, Thompson filed an amended notice seeking to also appeal his convictions.

1

This court remanded the case to the district court to determine whether an untimely appeal should be allowed based on the exceptions set forth in *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982). On remand, the district court found that no *Ortiz* exception is applicable. Based on our review of the record, we find that the district court did not err in finding that none of the *Ortiz* exceptions justify the untimely appeal of Thompson's convictions. Nevertheless, we find that Thompson's aggravated battery conviction must be reversed for the reasons stated by the Kansas Supreme Court in *State v. Belcher*, 269 Kan. 2, 8, 4 P.3d 1137 (2000). Thus, we affirm in part, reverse in part, and remand for further proceedings.

FACTS

Over the course of three days in August 2015, a dispute between Thompson and Jeff Williams escalated from threats to violence. On August 28, 2015, Williams, his wife, and their two-year-old son headed to Leavenworth High School to pick up another son and his friend. At the same time, Thompson, his wife, his father, and his two-year-old son headed to the school to pick up Thompson's brother and his nephew. At the time, Thompson's vehicle was being driven by his wife and Williams' vehicle was being driven by his wife.

On the way to the high school, the vehicles in which Thompson and Williams were riding in arrived at an intersection at the same time. Evidently, Williams exited his vehicle and began yelling at Thompson. Although the vehicle in which Thompson was riding in drove away, Thompson leaned out the window with a pistol in his hand. According to Williams' wife, she attempted to pass Thompson's vehicle in an effort to locate a police officer. While passing Thompson's vehicle, Williams told his wife to ram it to prevent Thompson from shooting at them. Williams then grabbed the steering wheel, and the vehicles collided.

2

After the vehicles came to a stop, Thompson exited his vehicle, walked over to Williams' vehicle, and shot Williams in the chest through the open passenger window. Fortunately, Williams survived the shooting. The State subsequently charged Thompson with one count of attempted murder in the first-degree, three counts of aggravated assault, one count of criminal discharge of a firearm at an occupied vehicle; and two counts of aggravated endangering a child.

The district court commenced a four-day jury trial on March 27-30, 2017. At trial, the State requested that the jury also be instructed on attempted second-degree murder and aggravated battery. It appears that Thompson's attorney did not object to the State's request. The district court agreed to instruct on attempted second-degree murder and aggravated battery, stating "it would appear that aggravated battery should be considered as a lesser included offense in this case." After deliberation, the jury found Thompson guilty of aggravated battery, aggravated assault, criminal discharge of firearm, and aggravated endangering a child.

On May 3, 2017, the district court sentenced Thompson to an 89-month prison term, 36 months of postrelease supervision, and 15 years of violent offender registration. On May 10, 2017, Thompson filed a timely notice of appeal. However, the notice of appeal stated, "COMES NOW the defendant, James Thompson, by his attorney and appeals his sentence in this case." Consequently, Thompson did not timely appeal his convictions.

Although Thompson had already filed a brief with this court, he filed an amended notice of appeal on June 26, 2018. In his amended notice, Thompson sought to appeal his convictions in addition to his sentence. In its brief, the State argued that this court should not consider Thompson's arguments related to his convictions because the amended appeal was not timely filed. As a result, we remanded Thompson's case to the district

3

court to determine whether the untimely amended notice of appeal should be considered under one of the exceptions set forth in *Ortiz*, 230 Kan. at 735-36.

On May 8, 2019, following briefing by both parties, the district court held an evidentiary hearing on the *Ortiz* exceptions. During the hearing, Thompson testified that although he did not recall the specifics of his conversations with his trial counsel regarding the scope of the appeal, he recalled telling his attorney that he wanted to appeal his convictions and sentence. On the other hand, Thompson's trial counsel testified that he deliberately did not include a challenge to the convictions in the original notice of appeal after discussing the matter with his client. The attorney explained that he was concerned that if Thompson's convictions were reversed on appeal, he might be retried for attempted first-degree murder. Further, the attorney testified that he conferred with his client about this strategy before filing the original notice of appeal and Thompson agreed to limit his appeal to challenging his sentence.

On May 20, 2019, the district court issued a five-page memorandum decision. In the decision, the district court found the testimony of Thompson's trial counsel to be credible and concluded that none of the *Ortiz* exceptions applied to save the untimely appeal of Thompson's convictions. Thereafter, Thompson also appealed the district court's decision denying his request to apply an *Ortiz* exception.

ANALYSIS

Thompson presents three arguments on appeal. First, Thompson contends that the district court erred in rejecting his ineffective assistance of counsel claim under the third *Ortiz* exception. Second, Thompson contends that we should consider his sufficiency of the evidence challenge arising out of his aggravated endangering of a child conviction. Third, Thompson contends that even if an *Ortiz* exception does not apply, his conviction for aggravated battery is void as a matter of law.

4

*Application of Ortiz Exceptions*

In Kansas, a defendant has 14 days after sentencing to file a direct appeal. See K.S.A. 2019 Supp. 22-3608(c). Here, it is undisputed that Thompson filed a timely notice that was limited to an appeal of the sentence imposed by the district court. Likewise, it is undisputed that Thompson's amended notice—in which he sought to also appeal his convictions—was not timely filed.

"The filing of a timely notice of appeal is jurisdictional. Generally, the failure to file a timely notice of appeal requires dismissal of the appeal." *Albright v. State*, 292 Kan. 193, 197, 251 P.3d 52 (2011). However, the Kansas Supreme Court has recognized three exceptions to the dismissal requirement. See *State v. Patton*, 287 Kan. 200, 206, 195 P.3d 753 (2008) (citing *Ortiz*, 230 Kan. at 735-36). In *Albright*, our Supreme Court explained the *Ortiz* exceptions as follows:

> "The *Ortiz* exceptions recognize that an untimely appeal may be allowed in the direct appeal from a conviction and sentence if a criminal defendant either (1) was not informed of the right to appeal at sentencing or by counsel, (2) was indigent and not furnished counsel to perfect an appeal, or (3) was furnished counsel for that purpose who failed to perfect and complete an appeal." 292 Kan. at 198.

The third *Ortiz* exception applies when a defendant's attorney fails to timely file a notice of that appeal. See *Patton*, 287 Kan. at 223-24. So, the third *Ortiz* exception goes to the effectiveness of counsel. *State v. Shelly*, 303 Kan. 1027, 1047, 371 P.3d 820 (2016); see *Patton*, 287 Kan. at 218-19. The standard of performance to be applied in determining the adequacy of an attorney's performance under the third *Ortiz* exception was set forth by the United States Supreme Court in *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000).

In *Patton*, our Supreme Court discussed the application of *Ortiz* and *Flores-Ortega* as follows:

> "Under the third *Ortiz* exception and *Flores-Ortega*, if appointed or retained counsel has failed to file or perfect a direct appeal by a criminal defendant, the court presumes the existence of prejudice. The defendant must still demonstrate that, but for counsel's failure, he or she would have taken a timely direct appeal. The defendant need not show that such a timely direct appeal would have been successful." 287 Kan. 200, Syl. ¶ 11.

Accordingly, to satisfy the third *Ortiz* exception, "the defendant must establish that: (1) he or she told counsel to appeal, but the attorney failed to file or perfect the appeal; and, (2) he or she would have timely appealed, but for counsel's failure." *State v. Smith*, 304 Kan. 916, Syl. ¶ 4, 377 P.3d 414 (2016). Because appellate courts do not weigh evidence or determine the credibility of witnesses, a remand to district court for fact-finding is often necessary when a defendant raises the *Ortiz* exceptions on appeal. See *State v. Ransom*, 289 Kan. 373, 380, 212 P.3d 203 (2009); *State v. Dunn*, No. 117,541, 2019 WL 2306640, at *4 (Kan. 2019) (unpublished opinion). Based on our review of the record in this case, we find that Thompson has failed to establish neither of the necessary elements to justify the untimely appeal of his convictions under the third *Ortiz* exception.

First, Thompson failed to establish that he told his attorney to file an appeal of his convictions, but his attorney failed to file the appeal as instructed. After hearing the evidence presented at the *Ortiz* hearing, the district court found: "As the defendant's testimony regarding his conference with trial counsel about an appeal of his convictions is not consistent and his memory of the conversation vague, . . . the Court finds [Thompson's] testimony to lack credibility." Rather, the district court found trial counsel's testimony that Thompson had agreed to appeal only from his sentence to be more

6

credible. These findings are supported by substantial evidence in the record and the conclusion reached by the district court is reasonable.

As indicated above, we neither reweigh evidence nor make independent credibility determinations. K.S.A. 2019 Supp. 60-252(a)(5) ("Findings of fact must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witness' credibility.") "[T]he ability to observe the declarant is an important factor in determining whether he or she is being truthful." *State v. Scaife*, 286 Kan. 614, 624, 186 P.3d 755 (2008); see *State v. Franco*, 49 Kan. App. 2d 924, 936, 319 P.3d 551 (2014). Thus, we yield to the district court regarding its findings related to Thompson's credibility as well as the weight to be given the testimony presented by the witnesses at the *Ortiz* hearing.

K.S.A. 2019 Supp. 60-2103(b) instructs that "[t]he notice of appeal . . . shall designate the judgment or part thereof appealed from . . . ." Moreover, "[i]t is a fundamental proposition of Kansas appellate procedure that an appellate court obtains jurisdiction over the rulings identified in the notice of appeal." *State v. Huff*, 278 Kan. 214, Syl. ¶ 2, 92 P.3d 604 (2004). Thus, "one simply cannot construe a notice that appellant is appealing his or her sentence to mean that he or she is appealing the conviction." *State v. Coman*, 294 Kan. 84, 90, 273 P.3d 701 (2012).

Second, Thompson also failed to establish that his trial counsel failed to perfect the appeal. In this regard, we pause to note that the district court also found that "there is a distinct possibility that if the defendant's conviction of aggravated battery is set aside for a lack of subject matter jurisdiction that the conviction will be held to be void. If the conviction is void, there is a possibility, that the defendant can be once again placed on trial for attempted murder in the first degree."

7

In support of the possibility that Thompson could possibly be placed on trial again for attempted first degree murder, the district court cited several Kansas cases. See *State v. Jenkins*, 295 Kan. 431, Syl. ¶ 3, 284 P.3d 1037 (2012) ("A criminal defendant is not put in jeopardy by a proceeding in a court that has no jurisdiction because the judgment rendered against him or her is void."); see *State v. Love*, 5 Kan. App. 2d 768, Syl. ¶ 1, 625 P.2d 7 (1981). Although we will address the aggravated battery conviction below, the issue of whether jeopardy has attached to the charge of attempted murder in the first-degree is not before us in this appeal.

Third, Thompson's additional argument, that his trial counsel "did not advise [him] about whether an appeal of his other convictions would be beneficial," was not raised before the district court during the *Ortiz* hearing. As such, it is not properly raised in this appeal. As a general rule, issues not raised before the trial court may not be raised on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). See *State v. Davis*, No. 117,040, 2018 WL 6713979, at *6-8 (Kan. App. 2018) (unpublished opinion) (rejecting an *Ortiz* argument not raised before the trial court and, instead, raised for the first time on appeal), *rev. denied* 310 Kan. 1065 (2019). Further, Thompson has not explained why this new legal theory should be reviewed for the first time on appeal; and the novel argument is, therefore waived. See Supreme Court Rule 6.02(a)(5) (2020 Kan. S. Ct. R. 34) (requiring an appellant to explain why an issue that was not raised below should be considered for the first time on appeal); *State v. Williams*, 298 Kan. 1075, 1085-86, 319 P.3d 528 (2014) (discussing waiver of novel legal theories on appeal).

Nevertheless, even if this argument had been presented the district court, "[t]he defendant must still demonstrate that, *but for counsel's failure*, he or she would have taken a timely direct appeal." (Emphasis added) *Patton*, 287 Kan. 200, Syl. ¶ 11. Here, Thompson testified that his trial counsel discussed the pros and cons of filing an appeal of his convictions with him prior to filing the original notice of appeal; and, as the district

court found, Thompson chose to follow his counsel's advice not to pursue an appeal of his convictions. As such, Thompson has not established the necessary causation finding.

In summary, we conclude that the district court did not err in finding that the third *Ortiz* exception is inapplicable to this case. Although we will address the aggravated battery conviction separately, this means that we do not have appellate jurisdiction to consider Thompson's arguments related to his aggravated endangering of a child conviction. Furthermore, we also note that Thompson did not present any argument challenging his sentence. Instead, he acknowledges that he received a presumptive sentence and that we lack appellate jurisdiction to consider a challenge to his sentence. Hence, Thompson has also waived any arguments related to his aggravated endangering of a child sentence.

*Thompson's Aggravated Battery Conviction*

Thompson also contends that his conviction for aggravated battery is void as a matter of law. He argues that even if the third *Ortiz* exception does not apply, the district court lacked subject matter jurisdiction to instruct the jury on an offense that was not charged and is not a lesser included offense. The determination of whether subject matter jurisdiction exists involves a question of law over which our review is unlimited. *State v. McDaniel*, 292 Kan. 443, 444, 254 P.3d 534 (2011). In addition, "the existence of subject matter jurisdiction cannot be waived, and its nonexistence may be challenged at any time." *State v. Dunn*, 304 Kan. 773, 784, 375 P.3d 332 (2016).

When a conviction is obtained without subject matter jurisdiction, that conviction is void and must be vacated. *State v. Breedlove*, 285 Kan. 1006, 1009-10, 179 P.3d 1115 (2008); *State v. Elliott*, 281 Kan. 583, Syl ¶ 3, 133 P.3d 1253 (2006). As the Kansas Supreme Court held, unless an offense is specifically charged or is a lesser included offense of a charged crime, "the district court lacks jurisdiction to convict a defendant of

9

the crime, regardless of the evidence presented." *Belcher*, 269 Kan. at 8, citing *State v. Chatmon*, 234 Kan. 197, 205, 671 P.2d 531 (1983) ("where the court is without jurisdiction to decide the issue is void."); see also *State v. Ramirez*, 299 Kan. 224, 227-28, 328 P.3d 1075 (2014) ("convicting a defendant of a charge not contained in the complaint and not properly before the district court is a clear violation of due process under the Fourteenth Amendment to the United States Constitution"). Thus, where a defendant is convicted of a crime that is not charged nor is it a lesser included offense, *Belcher* and *Ramirez* stand for the proposition that "the district court lacks jurisdiction" and constitutes "a clear violation of due process" that renders the conviction void as a matter of law.

Although *Belcher* and *Ramirez* refer to the generic term "jurisdiction" instead of specifying the type of jurisdiction to which they are referring, it seems logical to conclude that the Kansas Supreme Court was referring to "subject matter jurisdiction" based upon the context in which the term is used. See *State v. Matzke*, 236 Kan. 833, 835, 696 P.2d 396 (1985) ("Subject matter jurisdiction is the power of the court to hear and decide a particular type of action."). At the same time, we recognize that in *Dunn*, our Supreme Court modified its analysis of "subject matter jurisdiction" as it relates to charging documents. In particular, *Dunn* clarifies that it is the Kansas Constitution—not a complaint or other charging document—which confers subject matter jurisdiction on courts to adjudicate criminal cases. 304 Kan. at 813.

Of course, we are duty-bound to follow the precedent set by the Kansas Supreme Court's absent some indication that it is departing from its previous position. *State v. Vrabel*, 301 Kan. 797, 809-10, 347 P.3d 201 (2015). It is possible that the Kansas Supreme Court will extend the *Dunn* analysis to situations where a defendant has been convicted of a crime that is not a lesser included offense of the charged crime. Nevertheless, although *Dunn* overruled a number of prior decisions, neither *Belcher* nor *Ramirez* have been overruled. In fact, both our Supreme Court and this Court have cited

10

*Belcher* after the decision in *Dunn* was handed down. See *State v. Love*, 305 Kan. 716, 736, 387 P.3d 820 (2017); *State v. Waliallah*, No. 118,373, 2018 WL 5091828, *2 (Kan. Ct. App. 2018) (unpublished opinion), *review denied* 309 Kan. 1354 (2019). Thus, we have no indication at this point in time that our Supreme Court is retreating from its holdings in *Belcher* or *Ramirez*.

In Kansas, aggravated battery is not a lesser included offense of attempted murder in the first degree. *State v. Gaither*, 283 Kan. 671, 692, 156 P.3d 602 (2007); see *State v. Vazquez*, No. 110,735, 2014 WL 5614635, at *2 (Kan. App. 2014) (unpublished opinion); *State v. Daniels*, No. 108,678, 2014 WL 2619373, at *10 (Kan. App. 2014) (unpublished opinion); *State v. Hutchinson*, No. 99,857, 2009 WL 3630896, at *5 (Kan. App. 2009) (unpublished opinion); *State v. Burke*, No. 99,967, 2009 WL 1858247, at *2-4 (Kan. App. 2009) (unpublished opinion). Applying the holding in *Belcher* and *Ramirez* to the facts of this case, we find that the district court did not have subject matter jurisdiction to convict Thompson of the uncharged crime of aggravated battery. As a result, we find that it violated Thompson's due process rights under the Fourteenth Amendment.

Accordingly, the aggravated battery conviction is void as a matter of law and we remand this case to the district court to set aside the aggravated battery conviction.

Affirmed in part, reversed in part, and remanded with directions.